

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-1243
Re: Under the provisions of the
special rider to the appro-
priation for the examining
division of the Board of In-
surance Commissioners, in
the General Appropriation
Bill of the Forty-sixth Leg-
islature, is the Board of In-
surance Commissioners author-
ized to disburse from examin-
ing funds amounts in excess
of the expense items listed
in the appropriation?

Your letter of recent date requesting the opin-
ion of this department on the above stated question, has
been given our careful attention.

Your letter in part reads as follows:

"Will you please refer to the General Ap-
propriation made by the Forty-sixth Legislature
for the Examining Division of the Board of In-
surance Commissioners, years ending August 31,
1940, and August 31, 1941, and advise your opin-
ion on the following matter:

"You will note the appropriation contains
certain itemized salaries and maintenance and
miscellaneous expenses totaling $108,950.00 for
each fiscal year. It is then followed by a
special rider to which your attention is di-
rected. Under the provisions of this rider is
the Board of Insurance Commissioners authorized
to disburse from Examining Funds amounts in ex-
cess of the expense items listed in the appro-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Walter C. Woodward, Chairman, Page 2

priation?  In other words, if the actual expenses necessary for carrying on the Examining Division for the item of stationery and printing is in excess of $300.00 (the amount shown as Item 1) under the terms of the rider is the Board authorized to disburse additional amounts for stationery and printing where the funds are available?"

Immediately following the itemized appropriation for the examining division of the Board of Insurance Commissioners in the appropriation bill appears the special rider referred to in your letter which reads:

"For the purposes of paying the foregoing examination expense and such expense as is necessary incident to the examination work and the payment of the salaries of any additional examiners, stenographers, clerks and such help as is necessary in the administration of the examining division (provided any additional employees performing similar work to the positions designated hereinabove shall not receive a greater sum of compensation than that herein provided), and for defraying all other expenses necessary for the administration of the provisions of Chapter 152 of the General Laws of the Regular Session of the Forty-fourth Legislature, and any and all amendments thereto, and as amended by Senate Bill 397, Acts Regular Session of the Forty-Sixth Legislature, 1939, there is hereby appropriated all fees and assessments collected under authority of said Examining Law, together with any balances at the end of a preceding fiscal year, for each of the fiscal years ending August 31, 1940, and August 31, 1941.  The head of the department shall make application to the Board of Control and receive its approval in writing before employees, other than those itemized in the appropriation bill, are employed. Said application shall set out the reasons, and necessity for the employment of the additional employees."

We note the statement in your letter "that the itemized list of appropriations contained every purpose for which the examining division fund could possibly be expended".  Your inquiry, therefore, is directed to the

Honorable Walter C. Woodward, Chairman, Page 3


question of whether the Board of Insurance Commissioners
may expend from examining funds expense items in excess
of the maximum amount therefor specifically listed in the
appropriation bill.

Under the rider above quoted, this department
held in Opinion No. 0-1176, that by complying with the
terms of the rider the Board of Insurance Commissioners
is authorized to employ additional necessary employees
and pay their compensation from the special funds created
by Articles 4690a and 4690b. Compliance with the terms of
the rider, as to the employment of additional employees,
required the Board of Insurance Commissioners to make ap-
plication to the Board of Control therefor and to receive
in writing the approval of the Board.

It is observed that this special rider appropri-
ates such sums from the examining funds, collected as fees
and assessments under authority of the examining law "for
the purpose of paying the foregoing examination expense",
which is, of course, the expenses listed immediately above;
and, further, appropriates such funds for the purpose of
paying "such expense as is necessary incident to the exam-
ination work and the payment of the salaries of any addi-
tional examiners, stenographers, clerks and such help as
is necessary in the administration of the examining divi-
sion". The effect of this first quoted provision of the
special rider is clear. The proper construction of the
second quoted provision, above, is, in our opinion, that
such sums out of the examining funds are appropriated as
will be necessary to pay the expenses growing out of, and
necessarily incident to, the work of such additional em-
ployees employed under other clear provisions of the spe-
cial rider. In other words, the itemized expense items
were considered by the Legislature as sufficient pertain-
ing to the employees listed in the appropriation bill, but
as to such additional employees, authorized in the special
rider, additional expenses would be necessary and were,
therefore, provided for in this manner.

Further, there is in the special rider this ad-
ditional provision "and for defraying all other expenses
necessary for the administration of the provisions of . ."
(the examining law). This provision appropriates the ex-
amining funds to pay any expenses other than those item-
ized which may become necessary for administering the ex-
amining law; in other words, an additional contingent ex-
pense appropriation. It does not, of course, have the ef-
fect of authorizing the supplementing of the itemized ex-
pense items in the appropriation bill. (Parenthesis ours.)

Honorable Walter C. Woodward, Chairman, Page 4


        We carefully point out that nothing in this opinion is to be construed as suggesting or holding that the special rider under consideration relieves the department from the effect of the various limitations appearing in the general rider upon the use of moneys appropriated to the various departments of the State Government. In arriving at the conclusions announced above, we are giving effect to the principle that where the general provisions of a statute conflict with special provisions, the special provisions will control to the extent of such conflict, and will be regarded as an exception from the application of the general rule; therefore, a special rider, appended to a particular departmental appropriation, controls the expenditure of the funds of that department, or division, insofar as such special rider is in conflict with the general rider appearing at the end of the Act, and applying to all departments. It is to be emphasized that the special rider controls as against the general rider insofar, but only insofar, as the special rider creates an exception to the provisions of the general rider. As pertaining to all other matters provided for in the general rider, the provisions thereof will control in all particulars provided for.

        You are, therefore, respectfully advised that it is the opinion of this department that the special rider under consideration appropriates the fees and assessments collected under authority of the examining law to the payment of (1) all expenses and salaries listed and itemized in the Appropriation Bill; (2) all necessary expenses incident to the employment and examination work of additional employees authorized by the special rider and employed in accordance therewith; and (3) all expenses, other than those enumerated and itemized in the Bill necessary for the administration of the various provisions of the examining law.

        Trusting that the foregoing adequately answers your inquiry, we remain

                                    Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                            By _Walter R. Koch_
                                    Walter R. Koch
                                        Assistant

                            By _Zollie C. Steakley_
                                    Zollie C. Steakley

ZCS:FG